**Exhibit A**

| | |
|---|---|
| DISTRICT COURT, ADAMS COUNTY, STATE OF COLORADO<br><br>1100 Judicial Center Dr.<br>Brighton, CO 80601 | DATE FILED: November 6, 2023 12:06 PM<br>FILING ID: 54B88A7CAAD0A<br>CASE NUMBER: 2023CV31585 |
| **Plaintiff: CASEY HARMASON**<br><br>  v.<br><br>**Defendants: EDWARD RIVAS, C.R. ENGLAND & SONS, INC.** | ▢ Court Use Only ▢ |
| **Attorney for Plaintiff:**<br>Jerry R. Bowman, Esq. (#43457)<br>Bowman Law, LLC<br>2727 Bryant Street. Ste. 102<br>Denver, CO 80211<br>Phone: 720-863-6904<br>Email: bowman@copihelp.com | Case Number:<br><br>Div. |
| **COMPLAINT WITH JURY DEMAND** ||

COMES NOW, Plaintiff, Casey Harmason ("Plaintiff"), by and through his attorneys, Bowman Law, LLC, and for his Complaint, Plaintiff alleges and avers as follows:

**JURISDICTION AND VENUE**

1. Plaintiff Casey Harmason resides at 204 Tournament Drive, Carencro, Louisiana 70520.

2. Upon information and belief, Defendant Edward Rivas ("Defendant Rivas") resides at 44451 Graphic Street, Lancaster, CA 93535.

3. Upon information and belief, Defendant C.R. England & Sons ("Defendant England") operates its principal place of business at 4701 West 2100 South, Salt Lake City, Utah 84127.

4. This action arises out of a motor vehicle collision that occurred on May 21, 2021 in the semi-truck parking lot adjacent to the Flying J Travel Center located at 16751 East 32nd Avenue, Aurora, Colorado 80011.

5. Venue is proper in Adams County District Court pursuant to C.R.C.P. 98(c)(5).

**FACTUAL ALLEGATIONS**

6. On May 21, 2021, Plaintiff and Defendant Rivas were involved in a motor vehicle collision ("the Collision") in the semi-truck parking lot adjacent to the Flying J Travel Center located at 16751 East 32nd Avenue, Aurora, Colorado 80011.

7. At the time of the Collision, Plaintiff was employed as a Class A CDL semi-truck driver with R&R Transportation.

8. Prior to the Collision, Plaintiff had been operating a semi-truck owned by R&R Transportation ("R&R Truck").

9. At approximately 8:00 p.m. on May 20, 2021, Plaintiff legally parked the R&R Truck in the semi-truck parking area of the Flying J Travel Center.

10. At approximately 12:00am on May 21, 2021, Plaintiff returned to the parked R&R Truck to sleep in the truck's sleeper berth.

11. Immediately prior to the Collision, Plaintiff was asleep in the parked R&R Truck.

12. Upon information and belief, at the time of the Collision, Defendant Rivas was employed by Defendant England.

13. Upon information and belief, at the time of the Collision, Defendant Rivas was operating a 2020 Freightliner Cascadia 126 semi-truck owned by Defendant England ("England Truck") (VIN: 3AKJHHDR6LSKZ7263) in the semi-truck parking area of the Flying J Travel Center.

14. Upon information and belief, Defendant Rivas was a permissive user of the England Truck.

15. Upon information and belief, at the time of the Collision, Defendant Rivas was operating the England Truck within the course and scope of his employment with Defendant England.

16. Upon information and belief, at the time of the Collision, Defendant Rivas did not possess a valid Commercial Driver License.

17. Upon information and belief, Defendant Rivas' previous Commercial Drive License #F2078109 had expired on May 6, 2020, over two weeks before the Collision.

18. Upon information and belief, within approximately two months of the Collision, Defendant Rivas was charged and pled guilty to speeding more than 10 miles per hour over the posted speed limit in violation of Arizona state law.

19. Immediately before the Collision, at approximately 2:00 a.m., Plaintiff was asleep in the sleeper berth of the legally parked R&R Truck in the semi-truck parking area.

20. Upon information and belief, Defendant Rivas collided into the parked R&R Truck in which Plaintiff was sleeping.

21. Upon impact, Plaintiff was tossed from his bed.

22. Immediately after the first impact, Plaintiff exited his bed and made his way to the front of the R&R Truck, at which point, upon information and belief, Defendant Rivas collided with the R&R Truck a second time.

23. Upon the second impact, Plaintiff was tossed back and into a side table, striking his abdominal muscles and kidney.

24. Upon striking the side table, Plaintiff immediately felt significant pain in his stomach.

25. Notwithstanding his stomach pain, Plaintiff crawled to the front of the R&R Truck, at which point he observed the England Truck reversing and subsequently fleeing the scene.

26. Plaintiff was able to quickly snap a photograph of the license plate on the England Truck.

27. Immediately after the second impact, Plaintiff phoned his employer, R&R Transportation, to report the Collision.

28. As Plaintiff was on the phone, he observed the England Truck return to the scene, this time without its trailer.

29. Plaintiff observed England Truck nearby and Defendant Rivas exit the vehicle and approach the R&R Truck.

30. Plaintiff exited the R&R Truck and went out to inspect the scene and talk with Defendant Rivas.

31. Upon information and belief, Defendant Rivas apologized to Plaintiff for the collision and provided Plaintiff a copy of his invalid Commercial Driver License.

32. During the encounter, Plaintiff inspected the property damage on the R&R Truck and noticed a significant scratch on the driver's side quarter panel.

33. Moreover, R&R Truck's driver's side bumper was almost completely off the truck and the truck's side-mirror was thrown approximately five feet forward.

3

34. Defendant suffered severe injuries as a result of the Collision.

35. Defendant incurred at least $58,952.56 in medical expenses as a result of the Collision.

36. As a result of the Collision, Plaintiff suffered a contusion of his left kidney.

37. As a result of the Collision, Plaintiff suffered rib fractures and other rib injuries.

38. Plaintiff has also developed significant depression and anxiety stemming from the collision.

39. As a result of the Collision, Plaintiff is permanently impaired.

40. As a result of the Collision, Plaintiff suffered monetary damages.

41. As a result of the Collision, Plaintiff has suffered lost wages of at least $54,000.00.

42. Defendant Rivas' actions were the direct and proximate cause of the Collision.

43. Plaintiff has not failed to mitigate his damages.

44. As a direct and proximate cause of the Collision, Plaintiff has suffered severe and disabling permanent injuries, damages, and losses.

45. As a direct and proximate result of the Collision, Plaintiff has incurred past and future economic expenses, losses, and damages, including, but not limited to, past and future medical expenses, rehabilitation expenses, wage loss, loss of earnings capacity, and other economic losses.

46. As a direct and proximate result of the negligence of Defendants, Plaintiff has suffered and will continue to suffer in the future, non-economic damages, including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, and impairment of quality of life.

47. As a direct and proximate result of the negligence of Defendants, Plaintiff has suffered and will continue to suffer in the future, physical impairment.

48. The weather was not a contributing factor to the Collision.

49. The road conditions were not a contributing factor to the Collision.

50. Plaintiff was not comparatively negligent.

**FIRST CLAIM FOR RELIEF**
**(Negligence Against Defendant Rivas)**

51. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs, as if fully set forth herein.

52. Defendant Rivas owed Plaintiff a duty to use reasonable care in the operation of his vehicle.

53. Defendant Rivas breached the above-referenced duty by colliding into the legally parked R&R Truck in which Plaintiff was asleep.

54. Defendant Rivas breached the above-referenced duty by colliding into the legally parked R&R Truck a second time.

55. Defendant Rivas also breached the above-referenced duty, without limitation, in the following ways:

   a. By failing to pay proper attention to the roadway, parking area and traffic;
   b. By failing to remain alert while operating a vehicle;
   c. By failing to maintain a proper lookout;
   d. By operating a motor vehicle in a negligent manner;
   e. By operating a motor vehicle in a careless manner;
   f. By operating a motor vehicle in a reckless manner;
   g. By failing to obey the laws and rules of the state of Colorado.

56. As a direct and proximate result of Defendant Rivas' negligence, Plaintiff suffered economic damages, non-economic damages, and physical impairment, as indicated above.

## SECOND CLAIM FOR RELIEF
**(Negligence *Per Se* Against Defendant Rivas)**

57. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs, as if fully set forth herein.

58. At all times relevant hereto, Defendant Rivas was negligent and reckless in the operation of a motor vehicle.

59. At all times relevant hereto, Defendant Rivas drove a motor vehicle without due regard for traffic, use of the streets, traffic laws, and other attendant circumstances or in violation of a state or municipal traffic code.

60. At all times relevant hereto, Defendant Rivas was in violation of C.R.S. § 42-4-1402.

61. C.R.S. § 42-4-1402 reads, in part, "[a] person who drives a motor vehicle…in a careless and imprudent manner, without due regard for the width, grade, curve, corners, traffic, and use of the streets and highways and all other circumstances, is guilty of careless driving."

62. C.R.S. § 42-4-1402 was enacted for public safety.

63. Plaintiff is a member of the class of people C.R.S. § 42-4-1402 was enacted to protect.

64. The injuries and damages Plaintiff sustained were the same kind C.R.S. § 42-4-1402 was enacted to protect against.

65. Defendant Rivas' violation of the above-mentioned statute constitutes negligence *per se.*

66. As a direct and proximate result of Defendant Rivas' violation of the above-mentioned statute, Plaintiff suffered economic damages, non-economic damages, and physical impairment, as indicated above.

## THIRD CLAIM FOR RELIEF
### (*Respondeat Superior* Against Defendant England)

67. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs, as if fully set forth herein.

68. At all relevant times, Defendant Rivas was an agent, ostensible agent, and/or employee of Defendant England.

69. At the time of the Collision, Defendant Rivas was operating within the course and scope of his employment with Defendant England.

70. Defendant England is liable for the acts or omissions of Defendant Rivas.

71. Defendant England is liable for the negligence of Defendant Rivas.

72. Defendant England is responsible through the doctrine of *Respondeat Superior* for the negligent acts and omissions of Defendant Rivas causing Plaintiff to suffer economic damages, non-economic damages, and physical impairment, as indicated above.

73. As a direct and proximate result of Defendant Rivas' negligence attributable to Defendant England, Plaintiff suffered economic damages, non-economic damages, and physical impairment, as indicated above.

## FOURTH CLAIM FOR RELIEF
### (Negligent Entrustment Against Defendant England)

74. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs, as if fully set forth herein.

75. At all times relevant hereto, Defendant England was the registered owner of England Truck operated by Defendant Rivas.

76. Defendant England owed a duty to Plaintiff, and others similarly situated, to exercise control over the England Truck they entrusted to Defendant Rivas.

77. Upon information and belief, Defendant Rivas did not have a valid Commercial Driver License at the time of the Collision.

78. Defendant England knew or should have known Defendant Rivas did not possess the proper credentials to operate the England Truck.

79. Defendant England knew or should have known, based on his driving history, Defendant Rivas would likely operate the England Truck in a manner so as to create an unreasonable risk of harm to others.

80. Defendant England breached the duty of care owed to Plaintiff by failing to investigate the driving history and license credentials of Defendant Rivas prior to entrusting the England Truck to him.

81. As a direct and proximate result of the negligent entrustment by Defendant England, Plaintiff suffered economic damages, non-economic damages, and physical impairment, as indicated above.

**FIFTH CLAIM FOR RELIEF**
**(Negligent Hiring Against Defendant England)**

82. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs, as if fully set forth herein.

83. C.R.S. § 13-21-111.5 (1.5) reads, in part, "[w]hen an employer or principal acknowledges vicarious liability for an employee's or agent's negligence, plaintiff's direct negligence claims against the employer or principal are not barred."

84. Defendant England knew or should have known that Defendant Rivas did not possess the proper credentials to operate a semi-truck at the time it hired him.

85. Defendant England knew or should have known Defendant Rivas had a prior history of moving violations at the time it hired him.

86. Defendant England breached the duty of care owed to Plaintiff by failing to investigate the driving history and license credentials of Defendant Rivas prior to hiring him as a Commercial driver.

87. As a direct and proximate result of the negligent hiring by Defendant England, Plaintiff suffered economic damages, non-economic damages, and physical impairment, as indicated above.

**SIXTH CLAIM FOR RELIEF**
**(Negligent Supervision Against Defendant England)**

88. Plaintiff incorporates by reference the allegations contained in the preceding

paragraphs, as if fully set forth herein.

89. Defendant England knew or should have known that Defendant Rivas' Commercial Driver Licensed expired while Defendant Rivas was an employee of Defendant England.

90. Defendant England knew or should have known that Defendant Rivas did not possess a valid Commercial Driver License while he was employed with Defendant England.

91. Defendant England failed to properly supervise its employee, Defendant Rivas by allowing him to continue driving a semi-truck during the course of his employment with Defendant England despite Defendant Rivas not possessing a valid Commercial Driver License.

92. As a direct and proximate result of the negligent supervision by Defendant England, Plaintiff suffered economic damages, non-economic damages, and physical impairment, as indicated above.

## JURY DEMAND

Demand is Made for a Trial by Jury on all issues so triable.

**WHEREFORE**, Plaintiff prays for judgement against Defendants in an amount which will compensate him for his injuries, losses and damages, for pre-judgment and post-judgment interest as provided by law, for costs and expenses as provided by law, and for any and all other and further relief as may be allowed by law or as the Court determines is equitable and just.

DATED this 6th day of November, 2023.

Respectfully Submitted,

BOWMAN LAW, LLC

/ s/ *Jerry R. Bowman*
Jerry R. Bowman, #43457
Bowman Law, LLC
*Attorneys for Plaintiff*